UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RUSTEM KAZAZI, et al. | ) CASE NO.: 4:18-mc-00051-DAP |
| | ) |
| Petitioners, | ) JUDGE DAN AARON POLSTER |
| | ) |
| v. | ) |
| | ) |
| U.S. CUSTOMS AND BORDER | ) |
| PROTECTION, et al. | ) BRIEF IN OPPOSITION TO |
| | ) PLAINTIFFS' MOTION FOR |
| Respondents. | ) ATTORNEYS' FEES AND COSTS |
| | ) |

INTRODUCTION

This Court should deny Petitioners' Motion for Attorneys' Fees. The attorneys' fee provision does not apply in this case because there is no "civil action to forfeit property" as required by 28 U.S.C. § 2465(b)(1). Even if 28 U.S.C. § 2465(b)(1) applied, Petitioners have not substantially prevailed in this case.

FACTUAL BACKGROUND

On October 24, 2018, at Cleveland Hopkins International Airport, Homeland Security Investigation ("HSI") agents seized a large amount of bulk United States currency from petitioner Rustem Kazazi. (ECF No. 10-1, Salloum Decl. ¶ 13 PageID # 187.)  During the seizure, in accordance with HSI practice, the currency was sealed in an evidence bag in the presence of Mr. Kazazi and placed in an airport safe. (Id., ¶¶ 12, 14 PageID # 187-88.)  The next day, the currency was counted at a contracted banking facility, and the total amount of

currency was $57,330.00. (Id., ¶ 15 PageID # 188.) In this case, Petitioners admit that the United States did not initiate a civil forfeiture action. (ECF No. 1, Pet. PageID # 11.)

On May 31, 2018, petitioners Rustem Kazazi, Erald Kazazi, and Leila Kazazi ("Petitioners") filed a miscellaneous action pursuant to Fed. R. Crim. Proc. 41(g) for the return of property.[1] (ECF No. 1, Rule 41(g) Motion for Return of Property PageID # 1-15.) On or about June 5, 2018, Respondents' counsel contacted Petitioners' counsel and explained that HIS had seized $57,330.00 and that U.S. Customs and Border Protection ("CBP"), the agency responsible for processing the currency that was seized, had started the process to refund the currency seized in the original amounts claimed.

Approximately a week after Petitioners filed their Motion, on June 7, 2018, the Court held a telephone conference with the attorneys involved in the case. During that conference, Respondents informed the Court that they had begun the process of "tendering a check" and returning the money that they had seized from Petitioners. (June 7, 2018 Non-Doc. Min. of Proc.; ECF No. 8, Min. of Proc. & Sched. Order PageID # 168.) Petitioners disputed the amount, stating that the Respondents' agents had seized an additional $770 from Rustem Kazazi, which Respondents denied.

## LAW AND ARGUMENT

I.     CAFRA'S FEE SHIFTING PROVISION DOES NOT APPLY IN THIS CASE

The Civil Asset Forfeiture Reform Act ("CAFRA") provides that, "in any civil proceeding to forfeit property under any provision of Federal law in which the Claimant substantially prevails, the United States shall be liable for reasonable attorney fees and other

---

[1] Petitioners now assert that this proceeding was brought pursuant to the CAFRA, but Petitioners are incorrect. (ECF No. 17 Mot. PageID # 236-240.) In fact, this Court specifically informed the parties that it would hear arguments relating solely to the return of property under Rule 41(g). (ECF No. 8 Min. of Proc. PageID # 168-69.)

2

litigation costs reasonably incurred by Claimant." 28 U.S.C. § 2465(b)(1)(A). However, contrary to Petitioners' argument, 28 U.S.C. 2465(b)(1)(A) does not permit them to recover fees and costs in this case.

CAFRA does not apply to this case, which Petitioners brought as a Criminal Rule 41 motion to return property.[2] Petitioners' suit itself is not a "civil proceeding to forfeit property," to which the CAFRA cost-award statute, 28 U.S.C. § 2465(b)(1)(A), is limited. See United States v. Craig, 2011 WL 839538 (M.D. Pa. 2011) (holding that a Rule 41(g) motion, as an equitable action for the return of property instituted by the property owner, does not qualify as a "civil proceeding to forfeit property," a proceeding necessarily instituted by the United States, and holding, accordingly, that a successful movant under Rule 41(g) is not entitled to an award of interest under 28 U.S.C. § 2465).

In addition, the CAFRA fee-shifting provision does not apply to this litigation, which was brought by Petitioners and not by the United States. Several courts have held that there is no "civil proceeding to forfeit property" absent a civil forfeiture action brought by the United States. "CAFRA's fee-shifting provision applies only to civil proceedings 'to *forfeit* property,' that is,

---

[2] To the extent that Petitioners argue that administrative forfeiture proceedings should be considered a "civil proceeding to forfeit property" within the meaning of the CAFRA, Petitioners are incorrect. In apparently the only published federal appellate decision to have directly addressed the issue of whether § 2465(b)(1) applies to administrative forfeiture proceedings, the Ninth Circuit held that, although a claimant who prevails against the United States in a *civil judicial* forfeiture proceeding is entitled to recover interest as a prevailing party under § 2465(b)(1), a claimant who receives a return of seized property after having simply filed a claim in the administrative forfeiture proceeding does not fall with the scope of § 2465(b)(1). See Synagogue v. United States, 482 F.3d 1058, 1061-64 (9th Cir. 2007). In Synagogue, the Ninth Circuit reasoned that "the most natural reading of the text [of § 2465] is that 'any civil proceeding to forfeit property' refers to a proceeding *in court*" because, among other things, "[t]he entirety of this statute comes into play only '[u]pon the entry of a judgment for the claimant' in a proceeding to forfeit property," see 28 U.S.C. § 2465(a), and a judgment, in turn, is issued only at the conclusion of a court proceeding as opposed to an administrative adjudication. Id. at 1062.

civil forfeiture actions initiated by the Government." United States v. $116,850 in United States Currency, 166 F. Supp. 3d 626, 632 (D.S.C. 2015) (emphasis in original). Courts that have explicitly considered the issue concur that absent a civil forfeiture action brought by the United States, Petitioners may not recover fees or interest pursuant to § 2465(b)(1)(A). See United States v. Minh Huynh, 334 F.App'x 636, 638 (5th Cir. June 16, 2009) (CAFRA's fee-shifting provision applies only to civil forfeiture actions initiated by the government) (citations omitted); Carvajal v. United States, 521 F.3d 1242, 1247 (9th Cir 2008) (held that the parallel provision of CAFRA providing for payment of interest, § 2465(b)(1)(C), is triggered *only* when the government institutes civil forfeiture proceedings) (emphasis in original); Synagogue v. United States, 482 F.3d 1058, 1063-64 (9th Cir. 2007) (interest provision of § 2465(b) does not apply when the government did not commence judicial forfeiture proceeding but instead returned funds following plaintiffs' filing of administrative claims); Willis v. United States Dep't of Treasury, Internal Revenue Service, Case No. 6:16-CV-3251, 2017 WL 3721986 , at * 3 (W.D. Mo. Feb. 24, 2017) (denying fees based on § 2465(b) when government had not brought a judicial forfeiture proceeding was commenced).

Petitioners have cited no authority for their argument that the language of § 2465(b) should be read to permit them to recover attorneys' fees absent the government's initiation of a civil forfeiture proceeding. (ECF No. 17 Mot. PageID # 236-40.) Respondents are unaware of any such authority.

In addition, CAFRA is a waiver of sovereign immunity, which must be construed narrowly. United States v. Moser, 586 F.3d 1089, 1095 (8th Cir. 2009). Such waivers must "extend only to those situations where Congress's intent is clear and unequivocal." Id. (citations omitted). In this case, Congress made no clear and unequivocal statement that "civil proceedings

4

to forfeit property" should be construed to extend to Rule 41(g) proceedings or to cases in which the government has not brought a civil forfeiture action. Therefore, this Court should construe CAFRA's waiver of sovereign immunity narrowly and deny Petitioners' Motion.

II.     <u>BUCKHANNON APPLIES, AND PETITIONERS ARE NOT PREVAILING PARTIES UNDER CAFRA</u>

Even if § 2465(b) applied to cases such as this one, Petitioners would not be entitled to attorneys' fees or costs in this case. CAFRA provides that, "in any civil proceeding to forfeit property under any provision of Federal law in which the Claimant *substantially prevails*, the United States shall be liable for reasonable attorney fees and other litigation costs reasonably incurred by Claimant." 28 U.S.C. § 2465(b)(1)(A) (emphasis added). Here, Petitioners did not "substantially prevail[]," and this Court should deny their motion for attorneys' fees under CAFRA.

As in other fee-shifting federal statutes, the familiar <u>Buckhannon Board and Care Home v. West Virginia Dept. of Health and Human Resources</u>, 121 S.Ct 1835 (2001), standard applies, *i.e.*, a petitioner must obtain "an enforceable judgment . . . or comparable relief through a consent decree or settlement . . . [that] directly benefits the [party] at the time of the judgment or settlement." <u>United States v. 115-98 Park Lane S.</u>, No. 10-Civ-3748, 2012 WL 3861221, at *3 (E.D.N.Y. Sept. 5, 2012) (citing <u>Buckhannon</u>, 532 U.S. at 605). "Further, any alteration of the legal relationship between the parties must be judicially sanctioned." <u>Id.</u>

Here, Petitioners clearly do not meet the <u>Buckhannon</u> standard. They obtained no enforceable judgment or comparable relief through settlement, and did not obtain a judicially sanctioned alteration of the legal relationship between the parties. Rather, the United States voluntarily returned the seized money to the Petitioners, and, after the parties reached a settlement regarding the disputed $770, the Court approved a stipulated dismissal of the <u>Petitioners' lawsuit

5

with prejudice. (ECF No. 15 Order PageID # 223.) The parties' legal relationship is no different than it was before these proceedings commenced.

A prevailing party must have secured a legal change as opposed to a voluntary change, because a voluntary change "lacks the necessary judicial imprimatur on the change." Christina A. v. Bloomberg, 315 F.3d 990, 993 (8th Cir. 2003); see also 115-98 Park Lane South, 2012 WL 3861221, at *3 n. 4. Here, no judicially sanctioned change in the legal relationship occurred. See United States v. Any and All Funds on Deposit at JP Morgan Chase Account No. XXXXXXXX, No. 12 civ 7530, 2013 WL 5511348, at *5 (S.D.N.Y. Oct. 2, 2013) (unpublished) (finding no attorney fee award warranted because voluntary dismissal of forfeiture complaint did not result in judicially sanctioned change or adjudication on the merits). In this case, the United States returned the seized currency absent any court order requiring it to do so, and voluntarily agreed to settle the remaining dispute. The court merely approved the stipulated dismissal of Petitioners' lawsuit, which left the parties in the legal positions they occupied before Petitioners filed their suit.

Even though the dismissal in this case was "with prejudice," (ECF No. 15 Order PageID #223), Petitioners have not prevailed by securing a legal change in their position with regard to the government. The "with prejudice" dismissal of Petitioners' lawsuit means that Petitioners cannot refile their lawsuit. If anything, the legal position of the government has improved because Petitioners can no longer bring a 41(g) motion.

Petitioners argue that the Buckhannon standard should not apply to 28 U.S.C. § 2465. (ECF No. 17, Mot. PageID # 234-236.) However, "Buckhannon is considered the governing authority for the definition of substantially prevails in [CAFRA]." United States v. 2007 BMW 335i Convertible, 648 F.Supp.2d 944, 951 (N.D. Ohio 2009) (O'Malley, J.). None of Petitioners' proposed linguistic distinctions, policy arguments, or intimations of bad faith on the part of the

6

government require a different conclusion.

Petitioners attempt to distinguish Buckhannon based upon an alleged linguistic distinction that is unsupported by precedent. Specifically, Petitioners argue that the established and pervasive Buckhannon standard should not be extended to the CAFRA, because Buckhannon construed the phrase "prevailing party" as opposed to CAFRA's "substantially prevailing party." (ECF No. 17 Pet. PageID #235-36.) Petitioners ask this Court to apply a broader Webster Dictionary definition of "substantially" and not the legal definition of "substantially prevail" as used in the statute and case law. Petitioners' argument was rejected by the 8th Circuit in United States v. $32,820.56 in United States Currency, 838 F.3d 930, 934-937 (8th Cir. 2016). In that case, the court correctly held that the Buckhannon standard applied and that a voluntary change in position did not meet that standard. Id.

Petitioners' argument has been rejected by several other circuit courts. "The Second Circuit and several of its sister circuit courts have concluded that the terms prevailing party and substantially prevails are fundamentally the same for purposes of determining whether a plaintiff can recover under a fee-shifting statute." U.S. v. 115-98 Park Lane South, 2012 WL 3861221, at *8 n.7. The Eleventh Circuit and the D.C. Circuit have found any such differences between the two standards to be synonymous or inconsequential. U.S. v. 2007 BMW 335i Convertible, 648 F.Supp.2d at 951 (other citations omitted). See also United States v. Khan, 497 F.3d 204, 208 (2d. Cir. 2007) (noting Buckhannon is the starting point for the definition of substantially prevails under CAFRA and the fee-shifting provision only applies where Claimant wins in court). Also, Buckhannon applies broadly to fee-shifting statutes. Cody v. Hillardi, 304 F.3d 767, 773 n.3 (8th Cir. 2002).

In addition, where the plaintiff is the government, a ruling applying Buckhannon and

narrowly construing 28 U.S.C. § 2465(b)(1) would appropriately recognize the government's sovereign immunity. See United States v. Moser, 586 F.3d 1089, 1095 (8th Cir. 2009) ("[W]e must consider that CAFRA constitutes a waiver of sovereign immunity exposing the government to liability. As such, we are bound to construe it narrowly and deem the waiver of sovereign immunity to extend only to those situations where Congress's intent is clear and unequivocal."). Regardless of Claimants' arguments "neither fairness considerations nor rules applicable to private disputes can alone provide grounds for abrogating sovereign immunity." United States v. Craig, 694 F.3d 509 (3d Cir. 2012).[3]

Petitioners respond they should receive CAFRA fees because they essentially won the litigation. (ECF No. 17 Mot. PageID # 233.) The United States currency ultimately was returned to Petitioners. (Id.) Petitioners seem to assert Congress did not intend for fee awards to be based on procedure, such as the type of dismissal, but instead on the substance or result achieved in litigation.

Petitioners' arguments amount to an impermissible "catalyst theory" argument in disguise. To hinge the standard of "substantially prevailing party" on the notion of a mere "voluntary change adopted by officials" would run afoul of the central holding of Buckhannon. See Christina A. v. Bloomberg, 315 F.3d 990, 992 (8th Cir. 2003) (indicating Buckhannon invalidated the catalyst theory). The very nature of a voluntary change in position does not support an award of fees. "One does not prevail in a lawsuit that is never determined." See U.S. v. 115-98 Park Lane South, 2012

---

[3] Even if Congress intended to distinguish between a "prevailing party" and a "substantially prevailing party," it is wholly unclear why drawing such a line of demarcation should help Petitioners. Indeed, one might logically conclude it would be *easier* to demonstrate a party was a "prevailing party" than a "substantially prevailing party." United States v. 2007 BMW 335i Convertible, 648 F.Supp.2d at 951-52 (noting the term "substantially" might limit the category of prevailing party). In other words, a "substantially prevailing party" might need to prove satisfaction of the Buckhannon standard and something more.

8

WL 3861221, at *3 n.4 (internal quotation omitted). Similarly, "fairness or policy reasons cannot by themselves waive sovereign immunity." United States v. Craig, 694 F.3d 509, 513 (3d. Cir. 2012) (internal citation omitted).

In sum, no material alteration of the legal relationship of the parties occurred and the necessary judicial imprimatur does not exist. Petitioners did not prevail at summary judgment, for example, or any other legal proceeding as the petitioners did in United States v. Approximately 250 Documents Containing the Forged Handwriting of President John F. Kennedy and Others, No. 03 Civ. 8004, 2011 WL 6224525, at *4-5 (S.D.N.Y. Dec. 14, 2011).  Plaintiffs obtained the relief they sought without any order from the Court, which simply is not enough to support an award of attorneys' fees pursuant to 28 U.S.C. § 2465(b)(1).

## CONCLUSION

For all of the foregoing reasons, this Court should deny Petitioners' motion for attorneys' fees and costs.

                        Respectfully submitted,

                        JUSTIN E. HERDMAN
                        United States Attorney
                        Northern District of Ohio

        <u>s/Lisa Hammond Johnson</u>
        Lisa Hammond Johnson (#0061681)
        Renée A. Bacchus (#0063676)
        Assistant United States Attorneys
        United States Court House
        801 West Superior Avenue, Suite 400
        Cleveland, Ohio  44113-1852
        (216) 622-3679 – Hammond Johnson
        (216) 622-3707 -- Bacchus
        (216) 522-4982 – Facsimile
        Lisa.hammond.johnson@usdoj.gov
        Renee.bacchus@usdoj.gov

        Attorneys for Respondents

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2019, a copy of the foregoing Brief in Opposition to Plaintiffs' Motion for Attorneys' Fees was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

        <u>s/Lisa Hammond Johnson</u>
        Lisa Hammond Johnson
        Assistant U.S. Attorney